**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KELVIN WELLS** | **CIVIL CASE NO.** |
| **VERSUS** | **23-595-SDD-EWD** |
| **EAST BATON ROUGE SCHOOL SYSTEM, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 8, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                                                                    **CIVIL CASE NO.**

**VERSUS**                                                                                              **23-595-SDD-EWD**

**EAST BATON ROUGE SCHOOL SYSTEM, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are a Motion to Dismiss for Lack of Jurisdiction, Lack of Procedural Capacity and No Right of Action,[1] filed by Defendants Mentorship Steam Academy and Keith Woods (collectively, the "Mentorship Defendants"), and a Motion to Dismiss Plaintiff's Amended Complaint, filed by Defendant East Baton Rouge School System ("EBR School System").[2] In response, Plaintiff Kelvin Wells ("Wells"), who is representing himself, has filed an opposition.[3] As Wells fails to allege facts to support federal question jurisdiction, it is recommended that the Motions be granted, in part, and that Wells' claims in this suit be dismissed without prejudice for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. Because the claims at issue appear to belong to Wells' children, and the record shows that his children were adults before Wells filed this lawsuit attempting to assert claims on their behalf, it is also recommended that Patrick Wells, Bethany Wells, and Treasure Wells be given sixty (60) days to substitute themselves as plaintiffs in this case, and that they be granted an additional thirty (30) days after substitution to file an amended complaint that adequately alleges facts to establish subject matter jurisdiction, as permitted by 28 U.S.C. § 1653, and that states claims that are not time-barred, if possible.

---

[1] R. Doc. 17.
[2] R. Doc. 18.
[3] R. Doc. 19.

I.   **BACKGROUND**

On July 24, 2023, Wells, a frequent filer in this Court,[4] filed this lawsuit, seeking damages for injuries he claims he and his children suffered from the following alleged actions and inactions that occurred at his children's respective schools:[5]

1) Defendants, including Defendant Coach Keith Woods and Mentorship Steam Academy, "blocked and interfered with Patrick and Bethany Wells" ability to obtain college football and track scholarships by not returning calls and giving false reports to college recruiters;

2) Defendant Mentorship Steam Academy denied Wells access to parent-teacher conferences and materials; and

3) Defendant EBR School System denied Bethany Wells "equal protection, due process, [and] kicked her out at Baton Rouge High."[6]

Plaintiff did not state a basis for this Court's subject matter jurisdiction. The Mentorship Defendants and EBR School System requested dismissal of Plaintiff's original Complaint.[7]

On October 5, 2023, the Court issued an Order raising on its own motion whether federal subject matter jurisdiction exists in this case based on the limited factual information contained in Wells' original Complaint.[8] Wells was given until October 25, 2023, to state specific facts: (1) to establish that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and (2) to support his claims.[9] The Court further advised Wells that this lawsuit could be dismissed if "he files another lawsuit that fails to state a basis for the Court's jurisdiction and/or states only the bare assertions originally provided without explaining how EBR School Systems, Mentorship, and/or Woods violated his constitutional rights or otherwise injured him. The

---

[4] Wells has filed approximately forty-six (46) lawsuits in this Court.
[5] R. Doc. 1.
[6] R. Doc. 1, ¶ III.
[7] R. Docs. 4, 6.
[8] R. Doc. 13, p. 1.
[9] R. Doc. 13, p. 5.

amended complaint must expressly address the issues discussed in this Order."[10] The Court terminated Defendants' then-pending Motions to Dismiss since Wells was given leave to amend his Complaint.[11]

Wells timely filed an Amended Complaint on the Civil Rights Complaint form.[12] The Amended Complaint asserts a 42 U.S.C. § 1983 claim against Defendants[13] and states the following in response to the prompt to state "what federal or statutory right(s) do you claim is/are being violated by state or local officials":

> With malice & intent also retaliation, Title VI, Title VII, Title 9 of 1964 Civil Rights Act, Title II of the Americans with Disabilities Act (Wells Disabled Black Veteran).[14]

The Amended Complaint does not explain how each defendant violated Wells' federal rights.[15] Instead, Wells' Amended Complaint primarily reaches further back in time to add additional grievances, spanning five different schools[16] and fourteen years (from 2009 to 2023).[17] Although Wells' Amended Complaint is based on events involving his children at their respective schools, the only named plaintiff is Wells.

---

[10] R. Doc. 13, pp. 5-6.
[11] R. Doc. 13, p. 6.
[12] R. Doc. 15.
[13] "Defendants" refers to all three defendants in the lawsuit—the EBR School System, Mentorship Steam Academy, and Keith Woods.
[14] R. Doc. 15, ¶ II(A) & (B).
[15] For instance, with regard to the claims in the original Complaint that Bethany Wells was blocked from obtaining athletic scholarships, Wells only added in the Amended Complaint that "Bethany Wells was denied access to Basketball + Track + Field/Outdoors" and "denied scholarship opportunities to numerous universities" from 2022-2023. R. Doc. 15, ¶ III(B). The Amended Complaint did not specify *which* defendants did this to Bethany Wells or *how* any Defendant acted under color of law. With regard to the claims involving Bethany Wells at Baton Rouge Magnet High School, the only facts Wells added to the Amended Complaint were that Bethany was called a racially offensive name, patted on the behind, and expelled for defending herself in 2019. R. Doc. 15, ¶ III(C). The Amended Complaint did not indicate *who* was responsible for the objectionable conduct or *how* any Defendant violated any constitutional or federal rights.
[16] R. Doc. 15, ¶ III. Wells' Amended Complaint refers to events that occurred at Magnolia Woods Elementary School; "West Dale"; Baton Rouge Magnet High School; Mentorship Steam Academy; and South Baton Rouge Charter School.
[17] R. Doc. 15, ¶ III(C).

Defendants filed the pending Motions to Dismiss in response to Wells' Amended Complaint. The Mentorship Defendants seek dismissal raising the objections of lack of subject matter jurisdiction and lack of procedural capacity.[18] The EBR School System seeks dismissal for lack of subject matter jurisdiction, lack of procedural capacity, and because most claims raised are time-barred.[19]

## II. LAW AND ANALYSIS

### A. Legal Standards

#### *Rule 12(b)(1) Motion to Dismiss*

A motion brought under Federal Rule of Civil Procedure 12(b)(1)[20] challenges the subject matter jurisdiction of a federal district court.[21] The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.[22] "Federal question" jurisdiction under 28 U.S.C. § 1331 is established when a plaintiff properly pleads a claim arising under the Constitution or the laws of the United States.[23]

#### *Rule 12(b)(6) Motion to Dismiss*

Fed. R. Civ. Proc. 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds on which it rests.[24] Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more

---

[18] R. Doc. 17.
[19] R. Doc. 18.
[20] Further references to the Federal Rules of Civil Procedure will be abbreviated as "Fed. R. Civ. Proc. __."
[21] *Lake Forest Elementary v. Orleans Parish School Board*, No. 16-2323, 2016 WL 3080487, at *2 (E.D. La. June 1, 2016).
[22] *Simmons v. Serenity Outreach Center, LLC*, No. 23-2129, 2023 WL 7498179, at *3 (E.D. La. Nov. 13, 2023).
[23] *Simmons*, 2023 WL 7498179, at *3, citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946).
[24] *Martinez v. City of North Richland Hills*, 846 Fed.Appx. 238, 240-41 (5th Cir. 2021), citing Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

than simply allege legal conclusions or recite the elements of a cause of action.[25] Where a complaint lacks facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading.[26]

In considering a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[27] The facts taken as true must, however, "state a claim that is plausible on its face."[28] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[29] If the factual allegations do not raise a right to relief above the speculative level,[30] or if it is apparent from the face of the complaint there is an insurmountable bar to relief,[31] the claim must be dismissed.

### *Pro Se Pleading Standards*

Federal courts generally hold *pro se* petitioners, who are not represented by counsel, to less strict standards than those imposed on lawyers.[32] Because of this, the filings of a *pro se* litigant are to be broadly interpreted.[33] However, a *pro se* litigant is not exempt from compliance with the relevant rules of procedural and substantive law.[34] "[P]ro se plaintiffs must still plead factual

---

[25] *Martinez*, 846 Fed.Appx. at 241, citing *Twombly*, 550 U.S. at 555.
[26] *Martinez,* 846 Fed.Appx. at 241, citing *Anderson v. U.S. Dep't of Housing & Urban Dev.,* 554 F.3d 525, 528 (5th Cir. 2008). *See also Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (The "short and plain statement" must provide the defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests.").
[27] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013), citing *Bowlby v. City of Aberdeen, Miss*., 681 F.3d 215, 219 (5th Cir. 2012).
[28] *Whitley*, 726 F.3d at 637-38, citing *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011).
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly*, 550 U.S. at 556.
[30] *Moore v. Metropolitan Human Service Dist*., No. 09-6470, 2010 WL 1462224, at *2 (E.D. La. April 8, 2010), citing *Twombly*, 550 U.S. at 555.
[31] *Moore,* 2010 WL 1462224, at *2, citing *Jones v. Bock*, 549 U.S. 199, 215 (2007) and *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007).
[32] *Miranda on behalf of M.M. v. Alexander*, No. 21-535, 2022 WL 832576, at *4 (M.D. La. Feb. 24, 2022), report and recommendation adopted, 21-535, 2022 WL 831430 (M.D. La. Mar. 18, 2022), citing *Ominski v. Northrop Grumman Shipbuilding, Inc*., 466 F.App'x 341, 345 (5th Cir. 2012).
[33] *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and other citations omitted).
[34] *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (citation omitted).

allegations that raise the right to relief above the speculative level."[35] Wells' Amended Complaint fails to give Defendants adequate notice of the claims against them and the grounds on which each claim rests, which the "short and plain statement" requirement of Fed. R. Civ. P. 8(a)(2) requires a plaintiff to supply.[36] For instance, when prompted by the form Civil Rights Complaint to "explain how each defendant acted under color of state of local law," Wells generically responds that, "[d]efendant denied plaintiff and his minor children access to educational materials, title one, denials to talented + gifted programs…"[37] Wells' response did not identify any Defendant by name.[38] When the Amended Complaint prompted Wells to "[d]escribe how each defendant was personally involved in the alleged wrongful action," the only Defendant Wells identified by name was Mentorship Steam Academy and, about the school, Wells only stated: "Mentorship Helix 2022 + 2023 Bethany denied access; Patrick also. Kelvin Wells also."[39]

### *Shotgun Pleadings*

Complaints that violate Rule 8(a)(2) or Fed. R. Civ. Proc. 10(b), or both, are often referred to as "shotgun pleadings."[40] A dismissal under Rule 8(a)(2) or 10(b) is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.[41] Here, Wells fails to allege which Defendant is responsible for which conduct that allegedly gives rise to which claim.[42] Further, Wells filed this deficient Amended Complaint *after*

---

[35] *Coleman*, 912 F.3d at 828, quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).
[36] *See Twombly*, 550 U.S. at 555, quoting *Conley*, 355 U.S. at 47 (stating that Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests.").
[37] R. Doc. 15, ¶ II(D).
[38] R. Doc. 15, ¶ II(D).
[39] R. Doc. 15, ¶ III.
[40] *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 10(b) of the Federal Rules of Civil Procedure requires, in part, that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."
[41] *Weiland*, 792 F.3d at 1325, citing *Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996) (quotations omitted).
[42] *See, e.g., Jones v. Grapeland Independent School District*, No. 23-59, 2024 WL 1228988, at *4 (E.D. Tex. Feb. 16, 2024).

6

this Court specifically cautioned Wells that his lawsuit might be dismissed if he filed another lawsuit that "states only the bare assertions originally provided without explaining how EBR School Systems, Mentorship, and/or Woods violated his constitutional rights or otherwise injured him."[43] Wells' failure to specifically explain how each defendant violated his constitutional rights or otherwise injured him, as the Court ordered him to do, is contrary to the letter and the spirit of Rules 8 and 10. Although Wells' claims in this case could be dismissed on this basis alone,[44] this Report addresses additional grounds for dismissal.

### B. Wells Has Not Established Federal Jurisdiction

Wells' Amended Complaint asserts an action under 42 U.S.C. § 1983 and lists federal civil rights that he claims have been violated.[45] Specifically, in response to the prompt to state what federal constitutional or statutory right(s) he claims are being violated by state or local officials, Wells states as follows: "with malice [and] intent also retaliation, Title VI, Title VII, Title 9 of the 1964 Civil Rights Act, Title II of the Americans with Disabilities Act (Wells Disabled Black Veteran)."[46]

The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Wells).[47] "Whether jurisdiction is based on diversity of citizenship or upon a federal question—and even though a particular statute or rule need not necessarily be cited by name—it is generally agreed that 'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and "cannot be established argumentatively or by mere inference."'"[48]

---

[43] R. Doc. 13, p. 6.
[44] *See, e.g., Burkette v. Travis*, No. 18-996, 2024 WL 1253920, at *5 (M.D. La. Feb. 23, 2024), report and recommendation adopted, 18-996, 2024 WL 1253594 (M.D. La. Mar. 22, 2024) (deGravelles J.).
[45] R. Doc. 15, ¶ II.
[46] R. Doc. 15 ¶ II (B).
[47] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[48] *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983), quoting 5 C. Wright & A. Miller, Fed. Practice and Procedure § 1206, at 78-79 (1969 & Supp. 1983).

Wells does not suggest that the Court has diversity jurisdiction, under 28 U.S.C. § 1332. As to federal question jurisdiction, while Wells has referenced various federal statutes, merely citing a federal statute is not enough to establish federal question jurisdiction. Instead, Wells must provide factual allegations to support his assertion that his claims arise under federal law.[49] In their Motions to Dismiss, Defendants argue that this Court does not have federal question subject matter jurisdiction over Wells' suit because the Amended Complaint fails to explain how the conduct alleged gives rise to a civil rights violation under any federal statute referenced. Defendants are correct.

### *Title VI, 42 U.S.C. § 2000d*

The essential elements of a Title VI claim are (1) there is race or national origin discrimination, and (2) the entity engaged in discrimination is receiving federal financial assistance.[50] "To establish a prima facie case under Title VI, a plaintiff must show that he is a member of a protected class, he suffered an adverse action at the hands of defendants in pursuit of his education, he was qualified to continue in pursuit of his education, and he was treated differently from similarly situated students who were not members of his protected class.[51] Although Wells states that he is a member of a protected class (Black), he has not provided any facts to show that any Defendant interfered in *his* pursuit of an education, or that *he* was treated

---

[49] *See Butler v. Dallas Area Rapid Transit*, 762 Fed.Appx. 193, 194 (5th Cir. 2019) (*per curiam*) ("[A]ssertions [that] are conclusory [] are insufficient to support [an] attempt to establish subject-matter jurisdiction.") (citations omitted); *see also*, *Mitchell v. Clinkscales*, 253 Fed.Appx. 339, 340 (5th Cir. 2007) (*per curiam*) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint.") (citations omitted).
[50] *See generally Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 706 n. 9 (5th Cir. 1994).
[51] *Washington v. Jackson State Univ.*, 532 F.Supp.2d 804, 810 (S.D. Miss. March 15, 2006), citing *Bell v. Ohio St. Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

8

differently from similarly situated students who were not members of his protected class.[52] Therefore, Wells has not established federal question jurisdiction under Title VI.

### *Title VII, 42 U.S.C. § 2000e-2(a)(1)*

Title VII prohibits employers from discriminating against any individual based on race, color, religion, sex, or national origin.[53] To state a claim for discrimination under Title VII, a plaintiff must plead that she "(1) is a member of a protected class, (2) was qualified for the position that [she] held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of [her] protected class."[54] Wells fails to state facts to establish jurisdiction under Title VII. Glaringly absent is any allegation that he was employed by any of Defendants or suffered any adverse employment action at the hands of any Defendant. To the contrary, Defendants are individuals and entities that Wells claims permitted, or caused, harm to his children at their respective schools.

### *Title IX, 20 U.S.C. § 1681*

Title IX provides that, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[55] Title IX is enforceable by private right of action for damages. Through this private right of action, institutions receiving federal funds may be liable for, among other things, student-on-student sexual harassment if: (1) the institution had actual knowledge of the harassment; (2) the harasser was under the institution's control; (3) the harassment was based on the victim's sex; (4) the harassment was "so severe,

---

[52] This is true even assuming, although Wells did not allege it, that he could attribute this alleged conduct to a particular named Defendant that receives federal funding.
[53] *See* 42 U.S.C. § 2000e-2(a)(1).
[54] *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).
[55] *Roe v. Cypress-Fairbanks Ind. Sch. Dist.*, 53 F.4th 334, 341 (5th Cir. 2022), quoting 20 U.S.C. § 1681(a) (internal quotation marks omitted).

pervasive, and objectively offensive that it effectively bar[red] the victim's access to an educational opportunity or benefit;" and (5) the institution was deliberately indifferent to the harassment.[56] Harassment, no matter how severe, is actionable under Title IX only if it based on sex.[57] Harassment "on the basis of sex is the sine qua non of a Title IX sexual harassment case, and a failure to plead that element is fatal."[58] Wells has not provided specific, nonconclusory facts in the Amended Complaint to establish jurisdiction under Title IX based on *his* sex.

### *Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101*

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[59] It further defines "public entities" to include local governments.[60] And it creates a private right of action against them for monetary and equitable relief.[61] To make out a prima facie case under Title II, a plaintiff must show (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of her disability.[62]

---

[56] *Roe*, 53 F.4th at 341, quoting *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.,* 647 F.3d 156, 165 (5th Cir. 2011) (alteration in original)) (internal quotation marks omitted).
[57] *See Sanches*, 647 F.3d at 165 ("The offensive behavior, however, must still be based on sex, per the words of title IX[.]"); *see also Roe*, 53 F.4th at 341 (stating that Title IX liability depends in part on finding that the harassment was based on the victim's sex).
[58] *Sanches*, 647 F.3d at 166, quoting *Frazier v. Fairhaven Sch. Comm*., 276 F.3d 52, 66 (1st Cir. 2002).
[59] 42 U.S.C. § 12132.
[60] 42 U.S.C. § 12131(1)(A).
[61] 42 U.S.C. § 12133.
[62] *Windham v. Harris Cnty*., 875 F.3d 229, 235 (5th Cir. 2017).

The Amended Complaint does not contain facts which, if accepted as true, would establish subject matter jurisdiction under the ADA. Although Wells states that he is a disabled veteran, he does explain his disability or state facts to support that his disability would be "qualifying." He also does not allege that *he* was denied any benefits for which a public entity was responsible. Rather, the thrust of his Amended Complaint is that his children were mistreated at various schools for a period spanning more than a decade.

Because Wells has failed to provide factual allegations in his Amended Complaint to support his assertion that his claims arise under federal law, Wells has not met his burden to establish federal subject matter jurisdiction in this case, which requires dismissal.

### C. Even if the Court Has Subject Matter Jurisdiction, Wells Fails to State a Claim

#### 1. Wells Lacks Procedural Capacity to Assert Claims On Behalf of His Children

Defendants also contend that Wells lacks procedural capacity to assert claims on behalf of his children because his children are now adults.[63] There is no subsection of Fed. R. Civ. Proc. 12(b) that specifically authorizes a motion to dismiss based on the objection of lack of capacity.[64] However, Rule 12(b) motions have been recognized as a proper vehicle for seeking dismissal of claims on behalf of a defendant for lack of procedural capacity to be sued.[65] Although Defendants

---

[63] R. Doc. 17, pp. 1-2. Virtually all the claims in the Amended and original Complaints are related to incidents that allegedly happened to Wells' children. The only allegations related to Wells are as follows: "Kelvin Wells also" which appears related to the preceding statements that Bethany and Patrick Wells were "denied access" (R. Doc. 15, ¶ III(A)); "Kelvin Wells banned from school campus, harassed by law enforcement for filing complaints with school board and DOE/OCR 2009-2012" (R. Doc. 15, ¶ III(C); and "Kelvin Wells, father of aforementioned minor children, diagnosed with anxiety + depression" (R. Doc. 15, ¶ IV).
[64] *Ned v. Eunice Police Department*, No. 16-1035, 2016 WL 7976132, at *2 (W.D. La. Dec. 14, 2016), report and recommendation adopted, No. 16-1035, 2017 WL 369128 (W.D. La. Jan. 23, 2017).
[65] *Steele v. Police Dept. of Oakdale*, No. 08-1947, 2010 WL 816177, at *2 (W.D. La. Mar. 9, 2010), citing *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999) (granting a Rule 12(b)(6) motion in favor of employees who could not be sued in their individual capacities); *Batiste v. Bonin,* No. 06-1352, 2007 WL 1791219, at *1, n. 1 (W.D. La. June 13, 2007) (explaining that, "[a]lthough Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued," granting of such a motion was appropriate); *Angers ex rel. Angers v. Lafayette Consol. Gov't,* No. 07-0949, 2007 WL 2908805, at *2-3, n. 1 (W.D. La. Oct.3, 2007) (dismissing a plaintiff's claims against a municipal animal shelter under Rule 12(b)(6) for lack of procedural capacity to be sued).

11

did not link their procedural capacity arguments to a specific Rule 12(b) motion, because they seek dismissal because Wells lacks procedural capacity to bring these claims, and because courts have permitted procedural capacity challenges to proceed as Rule 12(b) motions, this argument will be considered under the Rule 12 framework.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.[66] The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.[67] In addition to facts alleged in the pleadings, the district court may also consider matters of which it may take judicial notice.[68]

Defendants point to a state court tutorship proceeding to support their contention that Patrick, Bethany, and Treasure Wells were adults before Wells filed this lawsuit.[69] In his opposition, Wells does not contradict that his children were adults when suit was filed. Instead, Wells appears to argue that he is authorized to represent his children in court because the order appointing him to serve as their natural tutor has never been dissolved.[70] Wells attached to his opposition the tutorship petition and a copy of the state court order granting him tutorship.[71] Wells also referred to the tutorship proceedings in his Amended Complaint.[72]

---

[66] *Howard v. Ferrand*, No. 22-701, 2023 WL 346082, at *2 (E.D. La. Jan. 20, 2023), citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635, n. 10 (5th Cir. 2014).
[67] *Id*.
[68] *Howard*, 2023 WL 346082, at *2, citing *Hall v. Hodgkins*, 305 Fed.Appx. 224, 227 (5th Cir. 2008) (internal quotations omitted).
[69] R. Doc. 17, p. 2, R. Doc. 17-1, p. 3. While the Mentorship Defendants' Motion to Dismiss indicates that the tutorship petition is attached as Exhibit A, the document was not attached to the Motion.
[70] R. Doc. 19, p. 2.
[71] R. Doc. 19, pp. 6-10. "Petition by Natural Tutor in Small Tutorship Action for Authority to Compromise Clams of His Minor Children," filed by Wells June 29, 20218 in *Small Tutorship of Patrick Wells, Bethany Wells and Treasure Wells*, Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, Docket No. 104,881.
[72] R. Doc. 15, ¶ VI(A). Next to his signature on the Amended Complaint, Wells wrote that he "had tutorship of his minor children." For purposes of deciding the Motions to Dismiss, the Court can consider the state court tutorship filings because Wells referred to the tutorship proceedings in his Amended Complaint and no party questions the authenticity of the documents. *See, e.g., Walch v. Adjutant General's Dept. of Texas*, 533 F.3d 289, 294 (5th Cir.

According to the birthdates listed in Wells' tutorship petition the youngest child, Patrick Wells, turned 18 on December 23, 2022—before Wells filed his original Complaint in this Court on July 24, 2023.[73]  Fed. R. Civ. Proc. 17(b)(3) provides that the capacity to sue or be sued is determined by "the law of the state where the court is located."  Under Louisiana law, competent majors and competent emancipated minors have the procedural capacity to sue.[74]  When a defendant challenges the authority of a plaintiff to sue as a legal representative, the plaintiff is required to prove his authority or qualification on the trial of the exception.[75]  While Wells has presented evidence that he was legally appointed to serve as the tutor of his *minor* children, the law does not support his contention that he can continue to represent his children now that they are adults.  Louisiana law only provides that the tutor is the proper plaintiff to sue to enforce a right of an *unemancipated minor*.[76]  As the tutorship filings in the record show that Patrick, Bethany, and Treasure Wells were adults at the time this suit was filed, Wells had no legal authority--either as their parent or tutor--to file claims on their behalf.[77]

---

2008) (citations omitted) (where the Fifth Circuit drew from exhibits attached to the response in opposition to the Defendants' motion to dismiss because no parties questioned the authenticity of the documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss).  *See also, Staub v. QBE Specialty Insurance Co.*, No. 23-6022, 2024 WL 167150, at *2 (E.D. La. Jan. 16, 2024) (permitting consideration of an insurance policy that was incorporated by reference into the complaint on a Rule 12(b)(6) motion to dismiss).

[73] R. Doc. 19, p. 6.
[74] Louisiana Code of Civil Procedure art. 682.  Further references to the Louisiana Code of Civil Procedure will be "La. Code Civ. Proc. art. ___."
[75] La. Code Civ. Proc. art. 700.  *See also Miranda,* 2022 WL 832576, at *6.
[76] La. Code Civ. Proc. art. 683(C) (emphasis added).  In Louisiana, majority is attained at the age of eighteen.  La. Civil Cod art. 29.
[77] *See* Fed. R. Civ. P. 17(c), which designates the individuals who may sue on behalf of a minor.  *See also Champagne v. U.S.*, No. 82-63, 573 F.Supp. 488, 493 (E.D. La. Oct. 20, 1983) (finding that "no legal authority, as parent, guardian, tutrix, or administratrix, to file a claim" on behalf of daughter, who was an adult when suit was filed). Even if his children were minors, Wells likely could not represent them in this case because he is a not a lawyer. While parties generally have the right to represent themselves under 28 U.S.C § 1654, a party cannot proceed *pro se* on behalf of his child unless the child's case is the parent's "own." *Raskin on behalf of JD v. Dallas Independent School District*, 69 F.4th 280, 282 (5th Cir. 2023), citing 28 U.S.C. § 1654.  The parent seeking to proceed *pro se* on behalf of his children bears the burden of establishing that federal or state law authorizes him to proceed *pro se* on behalf of his children. *Raskin*, 69 F.4th at 287.  The Fifth Circuit has previously found that a *pro se*, non-lawyer parent could not represent the interests of a minor child in a § 1983 action. *Chatman v. Mississippi High School Athletics Ass'n*, 552 Fed.Appx. 335 (5th Cir. 2014).

## 2. Claims That Accrued Against the EBR School System Before July 24, 2022 are Time-Barred

The EBR School System also contends that the Amended Complaint fails to state a claim upon which relief may be granted because most claims contained in the Amended Complaint are time-barred by the passage of more than one year.[78] The Amended Complaint includes events that date back to 2009—when Wells alleges that Treasure, Bethany, and Patrick Wells were denied entrance to talented and gifted programs and Wells was "banned from school campus [and] harassed by law enforcement for filing complaints with [the] school board."[79]

42 U.S.C. § 1983 provides a cause of action for plaintiffs whose federal rights are violated under color of state law.[80] If the allegations of a complaint show that relief is time-barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.[81] The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.[82] Louisiana Civil Code article 3492 provides a one-year prescriptive period (statute of limitations) for tort actions.[83] This means Wells had one year to file suit from the date his claims accrued (became known).

Accrual of a § 1983 claim is governed by federal law: "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has

---

[78] R. Doc. 18, p. 2.
[79] R. Doc. 15, ¶ III(C).
[80] *Howard,* 2023 WL 346082, at *2, citing 42 U.S.C. § 1983 and *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).
[81] *Jones,* 549 U.S. at 215.
[82] *Miller v. St. Tammany Parish School Board*, No. 18-3920, 2019 WL 1299710, at *2 (E.D. La. March 20, 2019, citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).
[83] *Miller*, 2019 WL 1299710, at *2, citing *Jones v. Orleans Parish School Board*, 688 F.2d 342 (5th Cir. 1982). Effective July 1, 2024 the prescriptive period for tort claims in Louisiana is extended to two years and Louisiana Civil Code art. 3492 was repealed. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (WEST). For Wells' claims, which were filed in 2023, the one-year prescriptive period applies.

sufficient information to know that he has been injured.[84] The face of Wells' Amended Complaint reveals that the injuries he claims in the suit occurred from 2009 through 2023.[85] Wells has not alleged any basis that would suspend the running of prescription. Thus, from the face of the Amended Complaint, it is apparent that the claims against the EBR School System that accrued more than a year before Wells filed suit--*i.e.,* before July 24, 2022--are time-barred and would be subject to dismissal with prejudice on this basis.[86]

Even if this Court is found to have subject matter jurisdiction over the claims asserted in this case, because Wells is not the proper party in interest to bring claims on behalf of his adult children, and because virtually all the claims were not timely filed, the Amended Complaint is subject to dismissal for failure to state a claim.[87] However, the adult children may have viable claims that are not time barred and they should be given a chance to substitute as plaintiffs in this case to attempt to adequately allege subject matter jurisdiction and to state those claims, if possible, as set out, below.

### D. Further Leave to Amend is Not Warranted

Wells has not sought any further leave to amend at this time. Should he do so, it is recommended that the request be denied, as Wells has already had an opportunity to plead his "best" case. Wells has filed two Complaints. Before Wells filed his Amended Complaint, the Court gave Wells specific instructions regarding what the Amended Complaint needed to say to

---

[84] *Piotrowski*, 237 F.3d at 576, quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992) (internal quotation removed).
[85] R. Doc. 15, ¶¶ III & IV. Wells has not alleged that he became aware of the alleged injuries on any other date. *See, e.g., Miller*, 2019 WL 1299710, at *2 ("[F]rom the face of plaintiffs' complaint, they knew of the injury that formed the basis of this action since at least March 2017").
[86] The analysis of whether the claims are time-barred would be the same regardless of who the ultimate plaintiff(s) in this case are, unless they could come forward with some basis for why prescription was suspended.
[87] This Report and Recommendation does not reach EBR School System's additional argument on failure to state a claim. If Patrick, Treasure, or Bethany Wells substitute into this suit and file an amended complaint, additional motions can be filed in response, if appropriate.

15

meet the requirements of the applicable rules.[88]  Yet the Amended Complaint still fundamentally fails to cure the pleading deficiencies identified by the Court.  Because further amendment by Wells would be futile, it is recommended that any request for further leave to amend by Wells be denied.[89]  However, because Wells' adult children may have viable claims that were improperly asserted by Wells, and to avoid any prejudice to them, it is recommended that Patrick, Bethany, and Treasure Wells be given an opportunity to substitute themselves as plaintiffs in this case, and that they be given leave to file an amended complaint that adequately alleges a basis for subject matter jurisdiction and that asserts claims that are not time-barred, if possible.[90]

### III.   RECOMMENDATION

Wells fails to allege sufficient jurisdictional facts to support his invocation of federal law and thus fails to establish federal jurisdiction.  Wells lacks procedural capacity to assert claims on behalf of his children, Bethany Wells, Treasure Wells, and Patrick Wells, because the children are adults (and were at the time suit was filed).  Additionally, the claims that accrued before July 24, 2022 are time-barred. Wells also fails to provide a "short and plain statement" that provides adequate notice to the defendants, as Fed. R. Civ. P. 8(a)(2) requires.  Finally, Wells has pleaded his best case, and granting him another further leave to amend would be futile, such that, if sought, further leave to amend should be denied.  However, it is recommended that Patrick Wells, Bethany Wells, and Treasure Wells be given an opportunity to substitute themselves as plaintiffs in the case and be given an opportunity to amend the complaint to address the deficiencies explained in this Report, if possible.

Accordingly,

---

[88] R. Doc. 13.
[89] *See Burkette*, 2024 WL 1253920, at *17.
[90] *See, e.g., Champagne*, 573 F.Supp. at 496 (where the court granted the plaintiff leave to file a motion to amend the pleadings substituting the adult daughter as a plaintiff on her own behalf).

16

**IT IS RECOMMENDED** that the Motions to Dismiss for Lack of Jurisdiction, Lack of Procedural Capacity and No Right of Action,[91] filed by Mentorship Steam Academy and Keith Woods, and that the Motion to Dismiss Plaintiff's Amended Complaint,[92] filed by the East Baton Rouge School Board, be granted, in part. The claims asserted by Plaintiff Kelvin Wells against Mentorship Steam Academy, Keith Woods and the East Baton Rouge School System should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1) or, alternatively, dismissed for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6).

**IT IS FURTHER RECOMMENDED** that further leave to amend by Plaintiff Kelvin Wells be denied, if sought.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, Patrick Wells, Bethany Wells, and Treasure Wells be granted sixty (60) days to substitute themselves as plaintiffs in this case and that they be granted an additional thirty (30) days after substitution to file an amended complaint curing the jurisdictional defects and stating plausible claims that are not time-barred, if possible, as they appear to be the true parties in interest.

**IT IS FURTHER RECOMMENDED** that the case be **CLOSED** if neither Patrick Wells, Bethany Wells, nor Treasure Wells substitutes as a plaintiff in this case within the 60-day time period.

**IT IS FURTHER RECOMMENDED** that Plaintiff Kelvin Wells be instructed that he cannot file any additional lawsuits in this Court without receiving permission from a judge of this Court before filing. Since 1999, Kelvin Wells has filed forty-six (46) lawsuits in this Court. Of Wells' most recently filed cases that have been resolved, all have been dismissed for failure to

---

[91] R. Doc. 17.
[92] R. Doc. 18.

state a claim, lack of subject matter jurisdiction, failure to timely serve, or on grounds of Eleventh Amendment immunity, sometimes on defense motions that were unopposed.[93]  Given Wells' history of filing several lawsuit suits, some with meritless claims, or failing to prosecute lawsuits once they are filed, the sanction is warranted.

      Signed in Baton Rouge, Louisiana, August 8, 2024.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[93] *See Wells v. Dept. Children and Fam. Servcs.*, No. 23-354 (M.D. La.), R. Docs. 24, 30 (dismissed for failure to state a claim); *Wells v. Coleman, et al.,* No. 23-117 (M.D. La.), R. Docs. 15-17 (dismissed for failure to timely serve); *Wells v. U.S. Dept. of Vet. Affairs, et al.,* No. 23-90, R. Docs. 22, 23 (dismissed for failure to timely serve); *Wells v. Dept. Children and Fam. Servcs.*, *et al.,* No. 19-526 (M.D. La.), R. Docs. 24, 30 (dismissed based on Eleventh Amendment immunity).